**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SYED AFTAB KAZMI | ) | Case No. 13-10897-BFK |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| SYED AFTAB KAZMI | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 13-01087 |
| | ) | |
| GREEN POINT MORTGAGE | ) | |
| FUNDING, INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT**

This matter comes before the Court on the Motion of Defendants, JPMorgan Chase Bank, N.A., EMC Mortgage Corporation, Bear Stearns Asset Backed Securities I, LLC, Bear Stearns & Co., Inc., Bear Stearns Capital Markets, Inc., Wells Fargo Bank, N.A., MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc. (collectively, the "Defendants"), to dismiss Counts I, II, VI and VII of the Plaintiff's Amended Complaint, pursuant to Bankruptcy Rule 7012 (incorporating F.R. Civ. Pro. 12(b)(6)). Docket No. 28. The Plaintiff has filed an Opposition to the Motion. Docket No. 35. The Court heard arguments on the Motion on August 27, 2013. For the reasons stated below, the Court will grant the Motion as to Counts II, VI and VII, but will deny the Motion as to Count I.[1]

---

[1] Counts III, IV and V are alleged against other Defendants and are not at issue here.

Under the Supreme Court's decisions in *Twombly* and *Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. In *Iqbal*, the Court held:"[W]hether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  556 U.S. at 679.

The Court accepts as true all well-pleaded facts in the Complaint, but is not required to accept allegations that are legal conclusions. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6).") (citing *Iqbal*, 556 U.S. at 678).

The Plaintiff alleges that he and his wife are the owners of 43007 Janeys Corner Court, Ashburn, VA 20148.  Amended Complaint (hereinafter, "Am. Compl."), ¶ 50.  He alleges that in October 2005, he took out a loan secured by a Deed of Trust against the property, "signed by Plaintiff and his wife." *Id*., ¶ 51. He further alleges that the Defendants "created three manufactured Deeds of Appointment of Substitute Trustee," and recorded the same in the land records. *Id*., ¶ 58. He alleges that these Substitutions of Trustee were the product of "robo-signers." *Id*., ¶ 59.

The Plaintiff further alleges that there is a second lien Deed of Trust against the property. *Id*., ¶ 65. He alleges that the Defendants recorded Assignments of the first and the second Deeds of Trust in the land records. *Id.*

According to the Amended Complaint, the Defendants (JP Morgan Chase, Wells Fargo and Deutsche Bank) are not, and never have been, the owner of the loan secured by the first Deed of Trust. *Id*., ¶ 69. (There is no similar allegation as to ownership of the second Deed of Trust loan.) Finally, the Plaintiff alleges that he is not in default on his first trust loan, though his allegation as to non-default is quite vague.[2]

At issue in this Motion are Counts I (Declaratory Judgment), II (Truth in Lending), VI (Slander of Title) and VII (Quiet Title). The Court will address each of the Counts at issue, in turn.

    **I.**    **Count I – Declaratory Judgment.**

Count I is a claim for a declaratory judgment, essentially asking the Court to declare that the Defendants are not the holder of the Plaintiff's Deed of Trust note, and are not entitled to foreclose on the property. Am. Compl, pp. 10-11. The Defendants first move to dismiss Count I on the basis that there is no "case or controversy." Motion, pp. 7-9. However, complaints for declaratory judgment in this area of the law generally have been dismissed for a lack of a case or controversy where the foreclosure has already been completed. *See Greene v. LNV Corp*., 2013 WL 1652232, at *5 (E.D. Va. 2013); *Gallant v. Deutsche Bank Nat. Trust Co.,* 766 F.Supp.2d 714, 719 (W.D. Va. 2011) ("In this case, the foreclosure sale was conducted in April of 2008. Consequently, because 'the alleged wrong or questionable conduct has already occurred (the

---

[2] The Plaintiff alleges: "According to Trust laws and the documents filed with the Securities and Exchange Commission ('SEC') for First Trust and Second Trust, all loans that are part of the Trust are performing loans. As such, Plaintiff's loan is necessarily not in default as it is alleged to be part of both the First trust and Second Trust." Am. Compl., ¶ 66.

foreclosure), ... declaratory relief is inappropriate.'"); *Hammett v. Deutsche Bank Nat'l Co.*, 2010 WL 1225849, at *4 (E.D. Va. 2010) ("as this District recently noted in *Horvath*, a declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future… In this case, as in *Horvath*, Plaintiffs' home has already been foreclosed on, and thus, seeking a declaratory judgment as to Defendants' title and interest in the property is inapposite to the underlying purpose of declaratory relief."); *Merino v. EMC Mortg. Corp.,* 2010 WL 1039842, at *4 (E.D. Va. 2010). In this case, the Defendants have not foreclosed on the Plaintiff's property. There is, therefore, a "case or controversy" before the Court. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (setting out the injury in fact requirement for constitutional standing).

The Plaintiff alleges a number of theories in Count I that appear to the Court to be quite far-fetched, and that would not survive the Motion to Dismiss. First, the Plaintiff argues that "the duties of the Trustee of First and Second Trust have been terminated as both such Trusts were dissolved in 2008 during the trigger event of the AIG bailout." Am. Compl., ¶ 83(d). How the alleged termination of the two securitized mortgage pool Trusts helps the Plaintiff is not clear to the Court. If the securitized Trusts were terminated, presumably they would have to be wound up, and their assets liquidated, but there is no allegation in the Amended Complaint that the Plaintiff's Note actually has been sold to a third party as a result of the termination of the Trusts.

Moreover, the courts have held almost uniformly that borrowers lack standing to challenge the validity of the mortgage securitizations of their loans, or to claim that the transfer of their loans violates the terms of a mortgage pooling and service agreement. *See Correia v. Deutsche Bank Nat'l Trust Co. (In re Correia),* 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011); *McGill v. Impac CMB Trust Series 2007-A,* 2013 WL 1912787, at *2 (M.D. Fla. 2013); *Au v. Republic*

*State Mortg. Co.*, 2013 WL 2420852, at *9 (D. Haw. 2013); *Patel v. Mortg. Elec. Registration Sys., Inc.,* 2013 WL 4029277 at *3 (N.D. Cal. 2013); *McGee v. Countrywide Bank FSB,* 2013 WL 942394 (M.D. N.C. 2013); *In re Kain*, 2013 WL 1115597, at *2 (D.S.C. 2013); *In re Walker*, 466 B.R. 271, 284–85 (Bankr. E.D. Pa. 2012).

Similarly, the Plaintiff alleges that his wife did not sign the Note, and therefore, "the subject property cannot be reached by a creditor of only Plaintiff Kazmi as the property is held in the name of both Plaintiff and his wife as tenants by the entirety." Am. Compl.*,* ¶ 83(b). There is no dispute that the Plaintiff's wife signed the Deed of Trust. *Id.,* ¶ 51 ("This loan was evidenced by a Promissory Note ('Note') signed by Plaintiff and [a] Deed of Trust ('DOT') signed by Plaintiff and his wife, recorded in the clerk's office of the Circuit Court of Loudoun County, Virginia…")  Although she may not be personally liable on the Note, her interest in the property is subject to the Deed of Trust.

At the hearing on this Motion, Plaintiff's counsel argued that MERS "no longer exists," or words to that effect. This is a factual allegation that the Court need not resolve. The fundamental question for purposes of Count I is who holds the Note. The fact that a party that may no longer exist as a corporate entity was named as the original beneficiary of the Deed of Trust does not help in answering the question of who, at this point, is the noteholder, and does not render the Deed of Trust unenforceable.  This is because the beneficial interest in the Deed of Trust follows the Note. *Horvath v. Bank of New York, N.A*., 641 F.3d 617, 622 (4th Cir. 2011).

There is, however, one factual dispute that is material, and that cannot be resolved in favor of the Defendants at this stage of the proceeding. The Defendants allege that Wells Fargo is the holder of the Note because the Note has been endorsed to it, and it is in possession of the Note. The Proof of Claim filed by JPMorgan Chase as the servicer has a copy of a Note attached

5

that contains such an endorsement. *See* Proof of Claim No. 5-1, Adjustable Rate Note. The Plaintiff's copy of the Note does not have an endorsement. Amended Complaint, Ex. A-1 (Adjustable Rate Note). The Plaintiff disputes both the Defendants' possession of the Note, and the endorsement. This is a factual dispute that cannot be resolved on a Motion to Dismiss, and for which all inferences must be drawn in favor of the Plaintiff.

The Defendants reject all of this by arguing that Count I is nothing more than a "show me the note" case. It is true that the courts in Virginia have not been receptive to cases in which borrowers seek to place the burden on the lender to prove that it is entitled to foreclose. Most of these cases hold that such a theory is inconsistent with Virginia's non-judicial foreclosure statutes. *See Horvath v. Bank of New York, N.A.*, 641 F.3d 617, fn. 3 (4th Cir. 2011) ("Horvath hints that BNY should have had to prove that it had standing to enforce the note before appointing Equity Trustees to conduct a foreclosure… We reject this argument. Virginia is a non-judicial foreclosure state."); *O'Dell v. Deutshe Bank National Trust Company*, 2013 WL 2389874, at fn. 29 (E.D. Va. 2013) ("To the extent that Plaintiff may argue that production of the original Note should have been a prerequisite to foreclosure, Plaintiff merely espouses a recast 'show me the note' theory, which has been widely rejected as 'contrary to Virginia's non-judicial foreclosure laws.'"); *Hien Pham v. Bank of New York*, 856 F.Supp.2d 804, 810 (E.D. Va. 2012); *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F.Supp.2d 714, 721 (W.D. Va. 2011).

Yet, in bankruptcy there is something that is different. See, e.g., *In re Sardana*, 2011 WL 3299861 (9th Cir. B.A.P. 2011) (despite the fact that Arizona is not a "show me the note" State, the lender was still required to prove its standing to pursue relief from the automatic stay). Under Section 502(a) of the Bankruptcy Code, a proof of claim is deemed to be allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A validly filed proof of claim constitutes prima facie

evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f). When a claim is objected to, the initial burden is on the objecting party. If the objecting party meets its burden in objecting to the validity or the amount of the claim, then the burden shifts to the claimant. *In re Haymarket Transp., Inc.*, 2011 WL 1871112, at *2 (Bankr. E.D. Va. 2011); *In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009); *In re Williams-Johnson*, 2006 WL 384989, at *2 (Bankr. E.D. Va. 2006). Correspondingly, Section 363(p)(2) of the Code, having to do with the use, sale or lease of property of the estate, provides: "the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p)(1).

Any number of bankruptcy courts have held that lenders are required to prove at least a colorable claim, in order to obtain relief from the automatic stay. *See In re Griffen*, 719 F.3d 1126, 1128 (9th Cir. 2013) (party seeking relief from the stay need only establish that it has a colorable claim to the property at issue; lender that provided a copy of the Note and declaration stating that it possessed the original Note established prudential standing); *In re Miller*, 666 F.3d 1255, 1263 (10th Cir. 2012) (lender required to prove both an endorsement on the Note and possession); *Kohler v. U.S. Bank Nat'l. Ass'n,* 2013 WL 3179557, at *6 (E.D. Wis. 2013) (proof of endorsement and possession sufficient); *In re Tarantola*, 491 B.R. 111, 118-19 (Bankr. D. Ariz. 2013); *In re Phillips,* 491 B.R. 255, 262 (Bankr. D. Nev. 2013) (same); *In re Patterson,* 2012 WL 5906865, at *2 (Bankr. W.D. N.C. 2012); *In re McFadden*, 471 B.R. 136, 173-74 (Bankr. D. S.C. 2012); *In re Ebersole*, 440 B.R. 690, 694-696 (Bankr. W.D. Va. 2010) (creditor must prove a colorable claim); *In re Weisband*, 427 B.R. 13, 22 (Bankr. D. Ariz. 2010) (same).[3]

---

[3] Virginia also has a Lost Note Affidavit statute. Va. Code § 55-59.1(B). A party not in possession of the Note can also prove its standing by proof that it meets the requirements of the Lost Note Affidavit statute.

Here, the standing of the Defendants to proceed with a foreclosure is directly challenged by the Plaintiff. This dispute can be resolved in a number of ways. If JPMorgan or Wells Fargo moves for relief from the automatic stay, the Court can decide the issue of their standing. If the Debtor objects to the Proof of Claim filed by JPMorgan, the Court can resolve the issue in a contested claim allowance hearing (counsel for the Debtor represented at the argument on this Motion that she would be filing an objection to the JPMorgan proof of claim, shortly). Or, the Court can resolve the issue on summary judgment or at trial in this adversary proceeding. For now, taking the facts as alleged in the light most favorable to the Plaintiff, the Court will deny the Motion as to Count I.

## II. Count II – Truth in Lending Act (15 U.S.C. § 1641(g)(1)).

Section 1641(g) of Title 15 of the U.S. Code was enacted in 2009 as an amendment to the Truth in Lending Act (TILA). Section 1641(g) requires, in the event of a sale, transfer, or assignment of a mortgage loan, that the transferee or assignee provide the borrower with the identity and contact information for the new creditor, the date of the transfer, and instructions on how to reach the creditor. 15 U.S.C. § 1641(g)(1). Section 1641(g) does not apply retroactively. It, therefore, applies only to sales, transfers, or assignments of mortgage loans that occur after the May 20, 2009, effective date of the amendment. *O'Dell*, 2013 WL 2389874, at *9; *Bradford v. HSBC Mortg. Corp.*, 829 F.Supp. 2d 340, 353 (E.D. Va. 2011) ("[n]othing in TILA indicates that this provision should be applied retroactively").

The Amended Complaint alleges that the Plaintiff entered into a mortgage loan with Greenpoint as his lender, on October 11, 2005. Am. Compl., ¶ 51. The Complaint alleges that there were three "manufactured" Deeds of Appointment of Substitute Trustees filed in the land records, on November 14, 2008, February 20, 2009, and August 13, 2012. Id., ¶ 58, and Exhibits

C, D and E. The Amended Complaint also alleges that: (a) on August 16, 2012, Mortgage Electronic Registration Systems, Inc., recorded an Assignment of the Deed of Trust in the land records of Loudoun County, assigning the Deed of Trust to Wells Fargo Bank, N.A., as Trustee for a Bear Stearns securitized trust; and (b) on July 31, 2012, Mortgage Electronic Registration Systems, Inc., recorded a Notice of Assignment of the Deed of Trust in the land records of Loudoun County, giving notice of an assignment of a Deed of Trust to Deutsche Bank National Trust Company as Indenture Trustee for a securitized trust. Am. Compl, ¶ 65, and Exhibits H and I.  While both the Assignment of the Deed of Trust and the Notice of Assignment refer to the same date of the original loan (October 11, 2005), the Assignment of the Deed of Trust refers to a loan with an original principal amount of $1,150,000.00, and having a recordation instrument number of 20051012-0115577, while the Notice of Assignment refers to a loan in the original principal amount of $200,000.00, with a Deed of Trust recordation instrument number of 20051012-0115578, thus indicating that one Assignment is for the first lien Deed of Trust, and the second Assignment is for the second lien Deed of Trust. *Id.*

The only documents referenced in the Amended Complaint that could possibly be the subject of a TILA Section 1641(g)(1) claim (that is, the only documents that post-date May 20, 2009) are: (a) the Deed of Appointment of Substitute Trustees dated August 13, 2012; (b) the Assignment of the Deed of Trust dated August 15, 2012; and (c) the Notice of Assignment of the Deed of Trust dated July 21, 2012. No other sale, transfer, or assignment of the Plaintiff's mortgage Note is alleged.

In *O'Dell*, Judge Cacheris held that an "Assignment of a Deed of Trust is not a sale, transfer, or other assignment of the loan, and [is] incapable of sustaining a cause of action for a TILA violation." *O'Dell*, 2013 WL 2389874, at *13. Judge Cacheris relied first on the TILA

regulation defining "covered persons," i.e., persons who are required to provide the notice of transfer:

> any person, as defined in § 226.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period.

12 C.F.R. § 226.39(a)(1).

Judge Cacheris further held that, under Virginia law, it is settled that interests in promissory notes accompany the notes that they secure. *O'Dell*, 2013 WL 2389874, at *14. *See also Horvath*, 641 F.3d at 622 ("For over a century, it has been settled that under Virginia law, interests in deeds of trust accompany the promissory notes that they secure. In other words, 'deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it'") (citing *Williams v. Gifford*, 139 Va. 779, 124 S.E. 403, 404 (Va. Special Ct.App.1924)); *Stimpson v. Bishop*, 82 Va. 190, 1886 WL 2987 (Va.1886).

This Court agrees. The Deed of Appointment of Substitute Trustees dated August 13, 2012, the Assignment of the Deed of Trust dated August 15, 2012, and the Notice of Assignment of the Deed of Trust dated July 21, 2012, are not transfers of the Plaintiff's mortgage loan. A Deed of Appointment of Substitute Trustees is recorded at the option of the noteholder, in order to begin foreclosure proceedings. Assignments of Deeds of Trust also are recorded at the option of the noteholder, in order to give record notice of the noteholder's interest in the property. None of these instruments constitute a sale, transfer or assignment of the Note.

The Plaintiff does not allege a post-2009 sale, transfer, or assignment of the Note in the Amended Complaint. Accordingly, Count II will be dismissed with prejudice.[4]

### III.   Count VI – Slander of Title.

In order to state a claim for slander of title, the Plaintiff must allege facts showing: "(1) the uttering and publication of the slanderous words by the defendant, (2) the falsity of the words, (3) malice, (4) and special damages." *Velez v. Bank of New York Mellon Trust Co. N.A.*, 2012 WL 5305508, at *5 (E.D. Va. 2012); *Brown v. HSBC Mortg. Corp.,* 2011 WL 3101780, at *5 (E.D. Va. 2011). It is the last element, special damages, on which Count VI fails.

The Plaintiff alleges that the various documents filed (i.e., the Substitutions of Trustees and the Assignments of the Deeds of Trust) have "disparaged and cast doubt upon Plaintiff's legal title to the property to the world at large." Am. Compl., ¶ 172. This is the kind of legal conclusion that the Court need not accept on a Motion to Dismiss. It, and its corresponding allegations of damage, are unsupported by any specific allegations in the Complaint. *See* Am. Compl., ¶ 173 ("Plaintiff's title to the property has been disparaged and slandered, and there is a cloud on the Plaintiff's title, and plaintiffs have suffered, and continue to suffer, damages in an amount to be proven at trial.") There is no dispute that the Plaintiff and his wife own the property, and have record title. Their fee simple title has not been called into question.

Further, the Plaintiff does not dispute that he and his wife signed the Deed of Trust. Am. Compl., ¶ 51. The Substitutions of Trustees and Assignments of Deeds of Trust are not slanderous statements regarding the Plaintiff's title to his and his wife's property. These instruments did not encumber the property any further than the original Deed of Trust did, from

---

[4]   Because the Court is dismissing Count II on the ground that there is no alleged post-2009 transfer of the loan, the Court need not address the Defendants' argument that the Plaintiff's TILA claim is barred by the statute of limitations, nor the Plaintiff's response that the statute was equitably tolled.

its inception. Where the lien of the Deed of Trust is not disputed, any documents relating to enforcement of the Deed of Trust, such as Assignments and Substitutions of Trustees, cannot serve as the basis of a slander of title claim. In other words, the Plaintiff cannot plausibly allege a set of facts under which he and his wife have suffered some injury to the title to their property as a result of the recordation of the Substitutions of Trustees and the Assignments of the Deeds of Trust, where the validity of the underlying Deed of Trust is not in dispute. The Court will grant the Motion to Dismiss Count VI with prejudice.[5]

## IV. Count VII – Quiet Title.

Count VII is an action purportedly seeking to quiet the Plaintiff's title to the property. "'[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title.'" *Horvath*, 641 F.3d at 622 (citing *Maine v. Adams*, 277 Va. 230, 672 S.E.2d 862, 866 (2009)). The Plaintiff must show that he has rights that are superior to others asserting an interest in the property. *Gallant*, 766 F.Supp.2d at 719; *Tapia v. U.S. Bank, N.A*., 718 F.Supp.2d 689, 700 (E.D. Va. 2010). As with the slander of title claim, the Plaintiff has not alleged that his and his wife's title has been called into question. He has not alleged that the Defendants are claiming a superior interest in the title to his property. The Defendants have not foreclosed on the property, and do not claim to be record title holders. The Plaintiff acknowledges having signed the Deed of Trust

---

[5] The Fourth Circuit has recently held that, under the Fair Debt Collection Practices Act (FDCPA), the homeowners could not show that allegedly robo-signed foreclosure documents contained material misrepresentations. *Lembach v. Bierman,* 2013 WL 2501752, at *4 (4th Cir. 2013) ("The Lambachs fail to allege how they, or any consumer, would be misled by a signature by someone other than the trustee that is affixed to a document that was substantially correct.") There may be an argument that a non-material misstatement could not support a slander of title claim, as well. *Lembach* is distinguishable from this case, though, because in *Lembach* the Plaintiffs inarguably were in default; here, the Plaintiff alleges that he was not in default of his loan.

in exchange for the loan (Am. Compl., ¶ 51). The Deed of Trust, therefore, cannot be considered a cloud on title for which a quiet title action could be maintained.

Further, "'[i]n order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest.'" *Mabutol v. Federal Home Loan Mortg. Corp.*, 2013 WL 1287709, at *5 (E.D. Va. 2013) (*citing Bagley v. Wells Fargo Bank, N.A.*, 2013 WL 350527, at *8 (E.D. Va. 2013)). The Plaintiff questions to whom he owes the Note, and he further alleges that he is not in default, but he stops short of alleging that he has paid the Note in full.

Although the Plaintiff correctly alleges that he "should only have to pay once," Am. Compl. ¶ 184, the Plaintiff alleges only "the *possibility* of duplicative claims," Am. Compl., ¶ 183 (emphasis added), not that there is an actual, competing creditor claiming ownership of the Note. Accordingly, Count VII fails to state a claim for quiet title.

The Court will grant the Motion to Dismiss Count VII with prejudice.

## Conclusion

For the foregoing reasons, it is hereby ORDERED:

1. The Motion to Dismiss Count I is denied without prejudice to being renewed as a motion for summary judgment or at trial.

2. The Motion to Dismiss Count II is granted, and Count II is dismissed with prejudice.

3. The Motion to Dismiss Count VI is granted, and Count VI is dismissed with prejudice.

4. The Motion to Dismiss Count VII is granted, and CountVII is dismissed with prejudice.

     5.     The Clerk will mail copies of this Order, or provide cm-ecf notice of its entry, to the parties below.

Date: __Sep 5 2013__            /s/ Brian F. Kenney

                                               Brian F. Kenney
Alexandria, Virginia           United States Bankruptcy Judge

Entered on Docket: September 6, 2013

Copies to:

Syed Aftab Kazmi
43007 Janneys Corner Court
Ashburn, VA 20148
Plaintiff/Debtor

Bobbie Upasna Vardan, Esquire
Rand B. Law Group, PLLC
P.O. Box 25
Great Falls, VA 22066
Counsel for the Plaintiff/Debtor

Jeffrey L. Tarkenton, Esquire
Womble Carlyle Sandridge & Rice, LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Counsel for the Defendants