Jeffrey L. Tarkenton (VA Bar #20631)
Jason C. Hicks (VA Bar #46961)
Womble Carlyle Sandridge & Rice, LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
(202) 857-4450 – Telephone
(202) 261-0050 – Facsimile
*Counsel to JPMorgan Chase Bank, N.A., and Wells
    Fargo Bank, N.A.*

Todd D. Ross (VA Bar #84761)
Womble Carlyle Sandridge & Rice, LLP
8065 Leesburg Pike
Fourth Floor
Tysons Corner, VA  22182
(703) 394-2260 – Telephone
(703) 918-2281 – Facsimile
*Counsel to JPMorgan Chase Bank, N.A., and Wells
    Fargo Bank, N.A.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re:  SYED AFTAB KAZMI | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | Case No. 13-10897-BFK |
| | ) | |
| SYED AFTAB KAZMI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 13-01087-BFK |
| | ) | |
| GREEN POINT MORTGAGE | ) | |
| FUNDING INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### AND MEMORANDUM OF LAW IN SUPPORT

Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Wells Fargo Bank, N.A.

("Wells Fargo") (collectively, "Defendants"), by their undersigned counsel, submit this Motion

for Summary Judgment and Memorandum of Law in Support.

Because Wells Fargo is the holder and JPMorgan is the servicer of the Note at issue in

this case, Defendants have standing to enforce the Note and accompanying Deed of Trust and

proceed with a foreclosure.  Thus, this Court should grant Defendants' Motion for Summary

Judgment.

### INTRODUCTION

Count I—the only surviving Count in this adversary proceeding against Defendants—

challenges the standing of Defendants to enforce a Note and Deed of Trust relating to a loan

originally made on or about January 27, 2003 by Green Point Mortgage Funding, Inc. ("Green

Point") to Plaintiff regarding the real property owned by Plaintiff at 43007 Janneys Corner Ct.,

Ashburn, Virginia 20148 (the "Property").   Count I claims that Defendants "do not have a

valid security in Plaintiff's residence . . . [and] intent [sic] to proceed forward with an unlawful

and invalid trustee sale based on the non-existent security and invalid notices based on this

security." (Compl. ¶ 80.)  Plaintiff seeks a declaratory judgment that "before the Defendants

proceed forward with any action against Plaintiff's home, that they be required to prove by

properly admissible evidence that the beneficiary has in its possession the original promissory

note with endorsements establishing it as the rightful owner of the Note." (Compl. ¶81.)

In ruling on the Motion to Dismiss the Amended Complaint, the Court noted that

Plaintiff disputes the endorsement of the Note to Wells Fargo.  (Order, D.E. 53 at 6).  This is

the only factual dispute at issue in this case.  The Court also recognized that this factual

dispute could be resolved on summary judgment.   (Order, D.E. 53 at 8).   The attached

affidavits conclusively demonstrate that the Note was endorsed to Wells Fargo, that JPMorgan

is the servicer of the mortgage for Wells Fargo, and that JPMorgan's foreclosure counsel has

possession of the Note.  Plaintiff has no evidence to the contrary.  Accordingly, Count I of the

Amended Complaint should be dismissed with prejudice because the law is settled in Virginia

that the holder of an endorsed promissory note has the right to enforce both the note and the

deed of trust that secures the note.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      On or about October 11, 2005, Kazmi executed an Adjustable Rate Note

evidencing the Loan made to Kazmi and Kazmi's promise to repay $1,150,000.00, plus interest.

*See* Exhibit A, Declaration of Geraldina Mazariegos ("Mazariegos Declaration") ¶ 5; Exhibit B,

Declaration of Sohair M'Beng ("M'Beng Declaration") at ¶2.   *See also* M'Beng Declaration,

Exhibit 1, a true and correct copy of the Note (the "Note").   The Note references Kazmi's

property at 43007 Janneys Corner Ct.  *Id.*

2.     On or about October 11, 2005, Kazmi executed a Deed of Trust on their property at 43007 Janneys Corner Ct., which Deed of Trust secures the repayment of the Loan. (Mazariegos Declaration ¶ 6; M'Beng Declaration ¶ 7.)  *See also* M'Beng Declaration, Exhibit 2, a true and correct copy of the Deed of Trust (the "Deed of Trust").

3.     The Note was endorsed by GreenPoint Mortgage Funding, Inc. ("GreenPoint") to Wells Fargo Bank, N.A., as trustee.  (Mazariegos Declaration ¶ 7; M'Beng Declaration ¶ 4.)

4.     The Note's endorsement was signed by Thomas K. Mitchell, Vice President of GreenPoint.  (Mazariegos Declaration ¶ 8; M'Beng Declaration ¶ 5.)

5.     The Note's endorsement is found on the reverse side of page 4 of the Note. (Mazariegos Declaration ¶ 9; M'Beng Declaration ¶ 6; Note at 4.)

6.     JPMorgan is the servicer of the Loan.  (Mazariegos Declaration ¶ 10.)

7.     JPMorgan loaned the collateral file, containing the Note with the endorsement, to its foreclosure counsel, BWW Law Group, LLC ("BWW").  (Mazariegos Declaration ¶ 11; M'Beng Declaration ¶ 10.)

8.     BWW currently has possession of the original Note with the endorsement referenced above.  (Mazariegos Declaration ¶ 12; M'Beng Declaration ¶ 11.)

9.     Kazmi is currently in default on his payments under the Note.  (Mazariegos Declaration ¶ 13.)

10.    On March 27, 2013, Plaintiff filed his voluntary petition under Chapter 11 of the United States Bankruptcy Code.

11.    On April 3, 2013, Plaintiff commenced this adversary proceeding (D.E. 1).  On June 25, 2013, he amended his complaint (D.E. 26).

12.    On July 16, 2013, Defendants filed a Motion to Dismiss the Amended Complaint (D.E. 28).

13.    On September 6, 2013, the Court entered its Order, granting, in part, Defendants' motion to Dismiss, by which the Court dismissed Counts II, VI, and VII of

Plaintiff's Amended Complaint with prejudice (D.E. 53).  Count I is now the only remaining

claim in this adversary proceeding related to Defendants.  *Id.*

14.     In ruling on the Motion to Dismiss the Amended Complaint, the Court recognized

that Virginia courts have rejected "show me the note" claims like Plaintiff is asserting here.

(Order, D.E. 53 at 6).  The Court explained: "It is true that the courts in Virginia have not been

receptive to cases in which borrowers seek to place the burden on the lender to prove that it is

entitled to foreclose.  Most of these cases hold that such a theory is inconsistent with Virginia's

non-judicial foreclosure statutes."  (Id.).

15.     Nevertheless, the Court denied the Motion to Dismiss because "in bankruptcy

there is something that is different." (Id.).  In bankruptcy court, "lenders are required to prove at

least a *colorable claim*, in order to obtain relief from the automatic stay." (Id. at 7) (emphasis

added).

16.     The Court noted that Plaintiff challenged Defendants' standing to proceed with

foreclosure based on Plaintiff's objection to the validity of the endorsement on the Note.  (Id. at

6-7).

17.     The Court specifically noted that this dispute could be resolved a number of

different ways, including on a motion for summary judgment.  (Id. at 7).

## ARGUMENT

### I.     Standard for Summary Judgment.

Summary judgment is appropriate under Rule 56,[1] Fed. R. Civ. P., only where, on the

basis of undisputed material facts, the moving party is entitled to judgment as a matter of law.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The question on summary judgment is

"whether a reasonable jury could find in favor of the non-moving party, taking all inferences

to be drawn from the underlying facts in the light most favorable to the non-movant[.]" *In re*

*Apex Express*, 190 F.3d 624, 633 (4th Cir. 1999).

---

[1]  Rule 56 of the Federal Rules of Civil Procedure is made applicable by Rule 7056 of the
Federal Rules of Bankruptcy Procedure.

Importantly, to defeat summary judgment the non-moving party may not rest upon a "mere scintilla" of evidence, but must set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The party opposing summary judgment cannot then simply deny the contentions of the moving party. *See, e.g.*, *Yosco v. Aviva Life & Annuity Co.*, 753 F. Supp.2d 607, 609 (E.D. Va. Nov. 23, 2010) ("The party opposing summary judgment may not rest upon mere allegations or denials."). Rather, the non-moving party "must show that specific, material facts exist that give rise to a genuine triable issue." *In re McNallen*, 62 F.3d 619, 623-24 (4th Cir. 1995). "A motion for summary judgment may not be defeated by evidence that is 'merely colorable' or 'is not sufficiently probative.'" *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1993) (quoting *Anderson*, 477 U.S. at 249-50).

Thus, the party with the burden of proof on an issue cannot prevail at summary judgment on that issue unless that party adduces evidence that would be sufficient, if believed, to carry the burden of proof on that issue at trial. *See Celotex*, 477 U.S. at 322. Here, then, the burden is squarely upon the non-movant Plaintiff to present sufficient admissible evidence such that she will be able to prove each of the elements of her claim under Count I of the Amended Complaint at trial. "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (noting "the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial"). As explained below, summary judgment for Defendants is warranted here.

**II.    Defendants Have Standing To Enforce The Note And Deed Of Trust And Proceed With Foreclosure Because Wells Fargo Is The Holder Of The Note And JPMorgan Is The Servicer.**

Pursuant to Count I of the Amended Complaint, Plaintiff seeks a declaratory judgment that "the notice of trustee sale and notice of default are invalid; that before the Defendants

proceed forward with any action against Plaintiff's home, that they be required to prove by

properly admissible evidence that the beneficiary has in its possession the original promissory

note with endorsements establishing it as the rightful owner of the Note." (Comp. ¶ 81.)

However, the law in Virginia is clear that the holder of a promissory note has the right to

enforce both the promissory note as well as the deed of trust that secures the promissory note.

*Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617 (4th Cir. 2011). In the present case, the Note: (i)

permits its own free transfer; (ii) was endorsed to Wells Fargo; and (iii) is now in possession of

BWW, counsel for JPMorgan, who is servicing the loan for Wells Fargo. (See Mazariegos

Declaration ¶ 7, 13; M'Beng Declaration ¶ 4, 11; Note 1).  As such, Defendants have standing

to enforce the Note and Deed of Trust and proceed with a foreclosure.

**A.      The Note is Freely Transferable and Has Been Transferred to Wells Fargo.**

The Note, which is dated October 11, 2005, evidences an original loan made by Green

Point to Plaintiff in the amount of $1,150,000.00. (Note at 1.) The Note is secured by the Deed

of Trust signed by Plaintiff and recorded in the land records for Loudoun County, Virginia.

(Deed of Trust at 1, 4-5.) The Deed of Trust encumbers the Property.  *Id.* at 4-5.

The Deed of Trust identifies the Lender as GreenPoint. *Id.* at 2. The Deed of Trust

further provides that:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and
> all renewals, extensions and modifications of the Note; and (ii) the performance
> of Borrower's covenants and agreements under this Security Instrument and the
> Note.

*Id.* at 3.

Section 13 of the Deed of Trust, entitled "Joint and Several Liability; Co-Signers;

Successors and Assigns Bound," provides, in relevant part, that "[t]he covenants and

agreements of this Security Instrument shall bind (except as provided in Section 20) and

benefit the successors and assigns of Lender." *Id.* at 10. Absent a contrary provision, notes are

generally freely transferable, and the transferee retains the right to enforce the instrument. *See*

Va. Code § 8.3A-203(b) ("Transfer of an instrument, whether or not the transfer is a

negotiation, vests in the transferee any right of the transferor to enforce the instrument . . . .").

Here, the express terms of the Deed of Trust provide that the Note is freely transferable. *See* Deed of Trust at 12, Section 20 ("The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.").

Under Virginia law, the holder of an instrument, or a non-holder in possession of the instrument with the same rights as the holder, may enforce the instrument. Va. Code § 8.3A-301. Moreover, an individual may be "entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." *Id*. One becomes the "holder" of an instrument through the process of negotiation, and "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder." Va. Code § 8.3A-201(b). If an instrument has a blank endorsement, then it is considered to be "payable to bearer," and may be negotiated by transfer of possession alone. Va. Code §§ 8.3A-201(b), 8.3A-205(b).

Here, the Note has been transferred from Green Point to Wells Fargo, and this transfer is clearly recorded in the endorsement to Wells Fargo found on the back of page four of the Note. (Mazariegos Declaration ¶ 9; M'Beng Declaration ¶ 6; Note at 4.) Thus, Wells Fargo is the current holder of the Note.

**B.     Wells Fargo Has Standing and Authority to Enforce the Note.**

Given that the Note was endorsed to Wells Fargo, and that BWW, counsel to Wells Fargo's loan servicer, JPMorgan, has current possession of the Note, Defendants have full authority and standing to enforce the Note and Deed of Trust.

Under Virginia law, notes are generally freely transferable, and the transferee retains the right to enforce the instrument. *See* Va. Code § 8.3A-203(b) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument . . . ."). Furthermore, "the '[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument . . .'" *Bolouri v. Bank of America, N.A.*, 2010 U.S.

Dist. LEXIS 87170, at **8-9 (E.D. Va. Aug. 24, 2010) (quoting VA. CODE § 8.3A-203(b)).

The Virginia Supreme Court has clearly stated that the transfer of a promissory note that is secured by a deed of trust carries with it that security. *See, e.g.*, *Williams v. Gifford*, 139 Va. 779, 784, 124 S.E. 403, 404 (1924) ("[I]n Virginia, as to common law securities, the law is that both deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it."); *Stimpson v. Bishop*, 82 Va. 190, 200-01 (1886) ("It is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery.").

This United States District Court for the Eastern District of Virginia (the "District Court") has addressed this same contention in several recent cases and, in each, has likewise found that the transfer of a note does not render it unsecured, but carries with it the deed of trust. *See, e.g.*, *Larota-Florez v. Goldman Sachs Mortgage Co.*, 719 F. Supp. 2d 636, 641 (E.D. Va. 2010) ("Virginia law is clear that the negotiation of a note or bond secured by a deed of trust or mortgage carries with it that security."); *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) ("Under Virginia law, when a note is assigned, the deed of trust securing that debt necessarily runs with it."); *Horvath v. Bank of N.Y., N.A.*, 2010 WL 538039, at *2 (E.D. Va. Jan. 29, 2010) (". . . the 'split' of his promissory notes from the deeds of trust does not render the deed of trust unenforceable. The deeds of trust continue to grant a promissory note holder security, and subsequent note holders may appoint substitute trustees under the deeds of trust."), *aff'd Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617 (4th Cir. 2011).

In affirming the District Court, the Fourth Circuit Court of Appeals in *Horvath* found that:

> For over a century, it has been settled that under Virginia law, interests in deeds of trust accompany the promissory notes that they secure. In other words, "deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it."

*Horvath*, 641 F.3d at 623 (citations omitted).

Because Wells Fargo is the current holder of the Note and JPMorgan is the servicer of the Note, Defendants have standing to enforce the Note. *See* Va. Code § 8.3A-301. Furthermore, the Note continues to be secured by the Deed of Trust because the transfer of the Note carried the Deed of Trust with it. *See Horvath*, 641 F.3d at 623. Therefore, Defendants have standing to foreclose on the property given Plaintiff's default on the Note. (Mazariegos Declaration ¶ 14).

Accordingly, the Court should grant Defendants an award of summary judgment and dismiss Count I of the Amended Complaint with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court (a) enter an order granting summary judgment and dismissing Count I of the Amended Complaint with prejudice, and (b) enter final judgment on all counts against Plaintiff and in favor of Defendants.

Dated: October 25, 2013                    Respectfully submitted,


                                                    /s/ Jason C. Hicks
                                            Jeffrey L. Tarkenton (VSB No. 20631)
                                            Jason C. Hicks (VSB No. 46961)
                                            WOMBLE CARLYLE SANDRIDGE &
                                                RICE, LLP
                                            1200 Nineteenth Street, N.W.
                                            Suite 500
                                            Washington, DC  20036
                                            Telephone:  202-857-4450
                                            Facsimile:  202-261-0050
                                            jtarkenton@wcsr.com
                                            jahicks@wcsr.com

                                            and

                                            Todd D. Ross (VSB No. 84761)
                                            WOMBLE CARLYLE SANDRIDGE &
                                                RICE, LLP
                                            8065 Leesburg Pike
                                            4th Floor
                                            Tysons Corner, VA  22182-2738
                                            Telephone:  703-394-2260

Facsimile:  703-918-2281
toross@wcsr.com

*Counsel for JPMorgan Chase Bank, N.A., and*
*Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of October, 2013, I caused a copy of the foregoing

to be served via the Court's CM/ECF system or by first class, U.S. mail, postage prepaid, upon

the following:


Syed Aftab Kazmi
43007 Janneys Corner Court
Ashburn, VA  20148


_/s/ Jeffrey L. Tarkenton_
Jeffrey Tarkenton